Filed 06/26/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-01719

---

**Meredith Burak v. Small Boat Enterprises, LLC et al**

---

## ENTRY REGARDING MOTION

Title:     Motion to Dismiss; Memorandum in Opposition ; Plaintiff's Opposition to Defendant Small Boat Exchange's Motion to Dismiss (Motion: 1; )
Filer:     Brian Paul Hehir; Gina M. Puls
Filed Date:     April 13, 2026; May 27, 2026

Plaintiff Meredith Burak stored her boat with defendants Small Boat Exchange, LLC ("Exchange") and Small Boat Enterprises, LLC ("Enterprises"). Burak alleges defendants sold her boat without her permission and have refused to pay her for it.

In six sentences, Exchange seeks dismissal under V.R.C.P. 12(b)(2) and (6) (Mot. 1). Burak opposes. Both parties have counsel. Enterprises has taken no position.

For the reasons that follow, the court DENIES Exchange's motion to dismiss (Mot. 1).

### I.     Background

This section focuses on the allegations most relevant to the pending motion.

Burak began storing her boat with defendants in Shelburne in Sep. 2016. She never authorized them to sell it. Yet they did for $7,500 around Sep. 2022. Burak returned to the country in Jul. 2023 when she discovered the sale. Enterprises conceded its mistake in Aug. 2023. Defendants have otherwise not responded to Burak's inquiries or request for payment. Compl. ¶¶ 10, 14, 16, 20, 22, 25, 26.

Enterprises acquired Exchange's business in or about 2021 or 2022. Compl. ¶ 4. See also Mot. at 1 (suggesting Oct. 8, 2021).

### II.     Discussion

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court does not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted). The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the

facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002). Only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 11, 209 Vt. 514, 520.

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982). Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.Civ.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id*. (citation omitted).

The substance of Exchange's half-page motion reads in full:

> On October 8, 2021, the business known as the Small Boat Exchange, LLC was sold to Small Boat Enterprises, LLC. Plaintiff's Complaint states that the cause of action arose from her boat having been sold in September 2022 by Small Boat Enterprises. These LLC's are separate and unrelated entities.
> Small Boat Exchange, LLC did not own and was not operating the business at that time; as such, Small Boat Exchange, LLC is not a proper party; it has no culpability regarding the sale of Plaintiff's property.

Mot. at 1 (citation omitted). The motion attaches nothing.

This court does not accept as true Exchange's "conclusory allegations" to support its motion under Rule 12(b)(6). *Vitale*, 2023 VT 15, ¶ 28. Nor does it accept under Rule 12(b)(2) Exchange's "legal conclusions masquerading as factual conclusions" that the court lacks jurisdiction over it. *Id.*, Mot. at 1.

Even if it did, it does not appear "beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis*, 2014 VT 134, ¶ 12. Burak has alleged "legally cognizable claim[s]." *Montague*, 2019 VT 16, ¶ 11.

Based on the complaint, defendants physically possessed Burak's boat in Shelburne during at least Sep. 2016-Sep. 2022. Exchange admits it operated during most of that timeframe. Mot. at 1. Making all reasonable inferences in Burak's favor as the court now must, *Montague*, 2019 VT 16, ¶ 10, Exchange could have liability for whatever actions it took or failed to take before it sold its business to Enterprises.

Burak's claims include consumer fraud (Count I) and nothing in the limited record in this case yet precludes the possibility at some point of looking beyond defendants' LLC structures. *Agway v. Brooks*, 173 Vt. 259, 262 (2001) (piercing corporate veil "where the corporate form has been used to perpetrate a fraud, and where the needs of justice dictate").

2

**III.** **Order**

For the reasons set forth above, the court DENIES Exchange's motion to dismiss (Mot. 1).

Exchange shall timely file its answer.

The parties shall file a stipulated scheduling and mediation order by Jul. 24, 2026.

Electronically signed pursuant to V.R.E.F. 9(d) on June 26, 2026.

Colin Owyang
Superior Court Judge

3